UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael K. Castro-Jacques,　　　　　　　　　　　　Civ. No. 18-3376 (PAM/LIB)

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Lang-Nelson Associates, Inc.,
Broadway Village Investors, LLC,
Summit/Broadway Limited
Partnership d/b/a Broadway
Village Apartments, and North
Suburban Towing, Inc.,

　　　　　　　Defendants.

---

This matter is before the Court on Defendants' Motion to Strike. Defendants Lang-Nelson Associates, Inc., Broadway Village Investors, LLC, and Summit/Broadway Limited Partnership ask the Court to strike Plaintiff's Second Amended Complaint (Docket No. 18).

This matter was originally filed in Minnesota state court. After Defendants moved to dismiss, Plaintiff amended his complaint to address issues the motion raised. Defendants shortly thereafter removed the case to this Court. (Docket No. 1.) Nearly a month later, Defendants filed a Motion to Dismiss. (Docket No. 11.) In response to that Motion, Plaintiff again amended his complaint, adding a new Defendant, North Suburban Towing, Inc., and four new claims, including two state-law claims against North Suburban Towing and two claims against these moving Defendants under the federal Fair Housing Act.

Defendants now move to strike the Second Amended Complaint. They argue that the Federal Rules of Civil Procedure provide for only a single amendment in any case—in this situation, according to Defendants, Plaintiff could amend either before removal or after removal, but not both. Defendants also contend that, because the Second Amended Complaint adds a new Defendant, Plaintiff was obligated to bring a Motion to join the new Defendant under Rule 21. As Plaintiff points out, however, Defendants were obligated to bring their Motion to Dismiss within seven days of removal, and thus the Motion to Dismiss is untimely and Defendants failed to respond to Plaintiff's pleading within the time required. Fed. R. Civ. P. 81(c)(2)(C).

Rule 15 allows a plaintiff to amend his complaint once "as a matter of course." Id. R. 15(a)(1). The Rule requires that this amendment be either within 21 days of service of the initial complaint, or 21 days after service of a responsive pleading or motion under Rule 12. Id. In any other instance, the plaintiff must receive the opposing party's consent or leave of court before amending. Id. R. 15(a)(2).

But the Rule also provides that, should permission to amend be required, "the court should freely give such leave when justice so requires." Id. Plaintiff asks that the Motion to Strike be denied, or in the alternative that the Court give Plaintiff permission to file the Second Amended Complaint. The Court is convinced that justice requires giving Plaintiff leave to amend, and thus will accept the Second Amended Complaint as the operative pleading in this matter.

Because the Second Amended Complaint adds claims and parties, the currently pending Motion to Dismiss is moot. The Court will allow Defendants an additional 14 days from the date of this Order to file a responsive pleading or Motion under Rule 12.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Strike (Docket No. 23) is **DENIED**;

2. The Motion to Dismiss (Docket No. 11) is **DENIED without prejudice** as moot, and the hearing set for May 28, 2019, is **CANCELLED**; and

3. All Defendants shall have 14 days from the date of this Order to file an answer or other response to the Second Amended Complaint.

Dated: May 21, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge