UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael K. Castro-Jacques,	Civ. No. 18-3376 (PAM/LIB)

    Plaintiff,

v.	**ORDER**

Lang-Nelson Associates, Inc.,
Broadway Village Investors, LLC,
and Summit/Broadway Limited
Partnership d/b/a Broadway
Village Apartments,

    Defendants.

---

This matter is before the Court on Plaintiff's Appeal of the March 25, 2020, Order of Magistrate Judge Leo I. Brisbois. In that Order, Magistrate Judge Brisbois granted in part and denied in part Plaintiff's motion to compel discovery. Plaintiff appeals only one aspect of the Order, contending that the Magistrate Judge erred in refusing to allow Plaintiff to photograph cars in the parking lot of his former apartment complex. Specifically, Plaintiff asks the Court to modify Magistrate Judge Brisbois's Order "to allow [Plaintiff] to take photographs of any vehicles that are in the same or similar condition to that which Defendants claim was the condition of [Plaintiff's] vehicle at the time it was towed." (Pl.'s Supp. Mem. (Docket No. 107) at 1-2.)

The Court's review of decisions of the Magistrate Judge on nondispositive matters is limited to determining whether the order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a)(3). The Court gives great deference to a magistrate judge's nondispositive determinations. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005,

1007 (D. Minn. 1999) (Montgomery, J.) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.").

Plaintiff contends that the Magistrate Judge found that the photographs he now seeks are relevant yet refused to allow Plaintiff to take the photographs. But the Order did not find that photographs of other cars in the apartment complex's parking lot would be relevant. Rather, the Order properly found that demonstrative photographs of the parking lot, which incidentally may include residents' cars, would be permissible. (Order (Docket No. 106) at 9.)

The photographs Plaintiff now seeks are not relevant to his claims, nor does he describe how he would address residents' privacy concerns. Even if there was a car in the parking lot that was in a similar condition to Plaintiff's car, it is now nearly three years after Defendants towed Plaintiff's car. Plaintiff does not explain how he would determine which cars are in "the same or similar condition" to his car and whether he and Defendants must agree on that assessment. Plaintiff claims that these photographs would allow him to show the jury that there were vehicles similar to his that were not towed "because those residents did not have a disability or request to terminate their lease early because of a disability." (Pl.'s Supp. Mem. at 6.) How Plaintiff would determine whether the owner of a particular car has a disability or made a request of the apartment complex as a result of the disability remains unexplained.

Magistrate Judge Brisbois's Order appropriately balances Plaintiff's need for information to support his claims with the bounds of the Federal Rules and the privacy concerns of Defendants' residents. Plaintiff has not established that the Order is clearly

erroneous or contrary to law.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Appeal (Docket No. 107) is **DENIED** and Magistrate Judge Brisbois's Order (Docket No. 106) is **AFFIRMED**.

Dated:  April 21, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
